625 P.2d 972

**The STATE of Arizona ex rel. Robert K. CORBIN, the Attorney General, Petitioner/Appellant,**

v.

**Dean HOOKS and Hooks Oil Company, an Arizona Corporation, Respondents/Appellees.**

**No. 2 CA–CIV 3781.**

Court of Appeals of Arizona, Division 2.

March 13, 1981.

Robert K. Corbin, Atty. Gen. by Alison B. Swan and Charles L. Eger, Asst. Attys. Gen., Phoenix, for petitioner/appellant.

John William Lovell, Tucson, for respondents/appellees.

## OPINION

BIRDSALL, Judge.

On April 16, 1980, pursuant to Ariz.Rev. Stat.Ann. 44–1406(A), which authorizes the Attorney General to conduct an investigation when he believes an antitrust violation may have occurred, the State of Arizona, appellant herein, served upon appellee Dean Hooks of Hooks Oil Company a civil investigative demand requiring him to give oral testimony and produce certain documents. Mr. Hooks filed an objection to the demand and appellant petitioned the superior court for an order compelling compliance.

At the conclusion of the hearing the trial court found that appellant failed to show reasonable cause to believe that there may have been a violation of the Uniform State Antitrust Act, A.R.S. Sections 44–1401, et seq. and therefore Mr. Hooks' objection to the examination and production was sustained. The trial court entered an order denying appellant's investigative demand. This appeal follows.

The only issue on appeal is whether there was sufficient evidence to show reasonable cause to believe there may have been an antitrust violation.

Prior to March 1, 1980 appellee Hooks was one of three commissioned agents for Chevron Oil Co. in Arizona. Chevron had an agreement to supply the State of Arizona with petroleum products at a negotiated sales price. On March 1 the three agents became independent jobbers.

Prior to March 5, 1980 Mr. John Adler, a buyer for the State Department of Transportation, learned that appellee Hooks and the other two jobbers had charged the State a higher price for petroleum products than stated in the Chevron agreement. On March 5 he telephoned appellee prompted by a discrepancy in the Chevron agreement price and a higher billed price for appellee. Appellee told Adler that he would lose money if he sold fuel at the lower price. Adler told him that the State had a similar situation with the other two jobbers, naming them, but the State had an agreement with Chevron and because of that the State was bound by the prices established by Chevron. Adler then told appellee or led him to believe that the other two jobbers had agreed to stay within the Chevron prices. Adler recommended to appellee that he contact Chevron about the supply agreement. Appellee concluded that conversation by telling Adler he would call him back. As promised he returned the call to Adler the same day. In that conversation appellee advised Adler he had contacted the other two jobbers and none of them would be able to charge the supply agreement price.

Appellant contends this conversation shows that there may have been an agreement not to lower prices, a per se antitrust

violation, and that the trial court erred in its finding. We do not agree. The interpretation of the evidence was for the trier of fact, the trial court. It may well have believed from all the evidence before it that when Hooks spoke with the other two jobbers, they did not enter into any agreement, express or otherwise, not to lower their prices and Hooks' report of that conversation was merely a restatement of the position which they all had previously conveyed to Adler. We defer to the trial court.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.